UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KILEY MARIE HIGHTOWER,<br><br>Plaintiff,<br><br>v.<br><br>[1] EQUIFAX INFORMATION SERVICES LLC and<br>[2] TOYOTA MOTOR CREDIT CORPORATION,<br><br>Defendants. | CIVIL ACTION<br><br>CASE NO. CIV-17-197-D<br><br>**AMENDED COMPLAINT AND JURY DEMAND** |

Plaintiff KILEY MARIE HIGHTOWER as and for her Amended Complaint against Defendants EQUIFAX INFORMATION SERVICES LLC ("Equifax") and TOYOTA MOTOR CREDIT CORPORATION ("Toyota") (collectively "Defendants") alleges:

## I. INTRODUCTION

1. This is a case about unlawful credit reporting practices by Equifax, a consumer reporting agency, and Toyota, a furnisher of consumer information to consumer reporting agencies. Plaintiff herein alleges that Equifax and Toyota violated the Fair Credit Reporting Act, 15 U.S.C. §§ 1681-1681x ("FCRA"). Plaintiff seeks a preliminary and permanent injunction against Equifax and Toyota pursuant to Fed. R. Civ. P 65 to enjoin them from preparing and furnishing consumer reports with the disputed information. Further, to assure payment of any judgment, Plaintiff seeks an order of attachment against Equifax and Toyota up to $1,000 each pursuant to the provisions of Fed. R. Civ. P. 64. Plaintiff also seeks actual, statutory, and/or punitive damages, reasonable attorney's fees, and costs as permitted by the FCRA.

1

## II. JURISDICTION

2. This is an action to enforce liability created under the FCRA.

3. This action is brought within two (2) years after the date of discovery by Plaintiff of the violation that is the basis for FCRA liability.

4. This action is brought within five (5) years after the date on which the FCRA violation that is the basis for such liability occurs.

5. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

6. This is an action arising under Constitution, laws, or treatises of the United States.

7. Jurisdiction of this court arises under 28 U.S.C. § 1331.

## III. VENUE

8. Equifax is an entity with the capacity to sue and be sued in its common name under applicable law.

9. Equifax regularly conducts business and has regular contacts in this judicial district.

10. Equifax is subject to this Court's personal jurisdiction with respect to this action.

11. Toyota is an entity with the capacity to sue and be sued in its common name under applicable law.

12. Toyota regularly conducts business and has regular contacts in this judicial district.

13. Toyota is subject to this Court's personal jurisdiction with respect to this action.

14. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## IV. PARTIES

15. Plaintiff is an individual.

16. Plaintiff is a natural person.

17. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

18. Equifax is a limited liability company.

19. Equifax for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties.

20. Equifax uses means or facilities of interstate commerce for the purpose of preparing or furnishing consumer reports.

21. Equifax is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f).

22. Equifax is a consumer reporting agency that regularly engages in the practice of assembling or evaluating, and maintain, for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity, each of the following regarding consumers residing nationwide: (1) public record information and (2) credit account information from persons who furnish that information regularly and in the ordinary course of business.

23. Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p).

24. Toyota is a for profit business corporation that furnishes consumer information to consumer reporting agencies and is a "furnisher[] of information to consumer reporting agencies" as described in 15 U.S.C. § 1681s-2.

25. Toyota may be served process via its registered agent, The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, OK 73128.

## V. FACTUAL ALLEGATIONS

26. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 25.

27. Within two (2) years of the filing of this Amended Complaint, Equifax has prepared one or more consumer reports containing information furnished to it by Toyota concerning Plaintiff and Equifax took no steps to assure that the information concerning Plaintiff furnished by Toyota was accurate.

28. Equifax did not investigate the information furnished to it by Toyota concerning Plaintiff to ascertain whether the information furnished to it was accurate.

29. Equifax did not review any documentation related to the information furnished to it by Toyota concerning Plaintiff to ascertain whether the information was accurate.

30. Equifax did not contact Plaintiff to confirm whether the information furnished to it by Toyota concerning Plaintiff was accurate.

31. Equifax had no procedure in place to assure that the information that was furnished to it by Toyota concerning Plaintiff was accurate.

32. Equifax prepared reports concerning Plaintiff that it knowingly took no steps to assure that the information that it was using furnished by Toyota was accurate.

33. Equifax furnished consumer reports to third parties containing the information furnished to it by Toyota concerning Plaintiff that it did not confirm as accurate.

34. Equifax furnished consumer reports to third parties with inaccurate information concerning Plaintiff furnished to it by Toyota.

35. The information furnished to Equifax by Toyota concerning Plaintiff was inaccurate.

36. Plaintiff contacted Equifax in writing to dispute the accuracy of the information furnished by Toyota contained in her Equifax consumer report.

37. Equifax did not turn over the full content of her dispute to Toyota.

38. Equifax did not promptly provide Toyota all relevant information regarding Plaintiff's dispute that it received from Plaintiff regarding the subject dispute.

39. Equifax did not review and consider the dispute information provided by Plaintiff.

40. Equifax in response to Plaintiff's disputes submitted an automated coded message to Toyota regarding the dispute, whereby Toyota sent an automated response back.

41. Equifax's coded messaging to Toyota and Toyota's response is its investigation.

42. Equifax reviewed no data or other information from Toyota to fully investigate Plaintiff's dispute of the information furnished to it by Toyota about Plaintiff.

43. Equifax failed to find the disputed information furnished to it by Toyota concerning Plaintiff as inaccurate or incomplete or unverifiable and failed to delete the same.

44. Equifax knowingly performed the aforementioned allegations in it course of business with respect to Plaintiff's dispute of the Toyota-furnished information.

45. Toyota furnished information relating to Plaintiff to Equifax that it knew or had reasonable cause to know that was inaccurate.

46. Equifax notified Toyota of Plaintiff's dispute of the information that Toyota furnished to Equifax, and in response Toyota did not conduct an investigation with respect to the disputed information.

47. Equifax notified Toyota of Plaintiff's dispute of the information that Toyota furnished to Equifax, and in response Toyota did not review all relevant information provided by Plaintiff to Equifax.

48. Equifax notified Toyota of Plaintiff's dispute of the information that Toyota furnished to Equifax, and in response Toyota did not report the real results of any investigation to Equifax.

49. Equifax notified Toyota of Plaintiff's dispute of the information that Toyota furnished to Equifax, and in response Toyota did not properly find the disputed information as inaccurate and report that the information was inaccurate to Equifax.

50. Equifax notified Toyota of Plaintiff's dispute of the information that Toyota furnished to Equifax, and in response Toyota did not determine the information to be inaccurate and request deletion of the information that was disputed by Plaintiff.

51. Equifax's acts and omissions as alleged herein has caused damages to Plaintiff.

52. Toyota's acts and omissions as alleged herein has caused damages to Plaintiff.

53. Defendants' acts and omissions as alleged herein have caused Plaintiff to (i) be very stressed, (ii) experience mental and emotional distress, (iii) lose her quality of life, (iv) lose money, (v) incur out-of-pocket expenses, (vi) incur legal fees, (v) incur court costs, and (vi) to suffer financial with respect to her credit reputation and score, and (vii) to suffer other personal and financial injuries related to the alleged conduct.

### VI. COUNT I – VIOLATIONS OF 15 U.S.C. §§ 1681-1681x

54. Plaintiff repeats and realleges the allegations contained in paragraphs 1 through 53.

55. Defendants are liable to Plaintiff for violating the Fair Credit Reporting Act.

56. Equifax violated 15 U.S.C. § 1681e(b) by preparing consumer reports without following reasonable procedures to assure maximum possible accuracy of the information concerning Plaintiff about whom the report related.

57. Equifax violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable investigation in response to a dispute it received from Plaintiff regarding inaccurate information furnished to it by Toyota concerning Plaintiff.

58. Equifax violated 15 U.S.C. § 1681i(a)(2)(A) by failing to provide notice to Toyota regarding Plaintiff's dispute of the accuracy information furnished to it by Toyota.

59. Equifax violated 15 U.S.C. § 1681i(a)(2)(B) by failing to provide all relevant information that it received from Plaintiff regarding Plaintiff's disputed to Toyota.

60. Equifax violated 15 U.S.C. § 1681i(a)(5)(A) by failing to reinvestigate the information disputed by Plaintiff regarding the information furnished to it by Toyota and find the disputed information as inaccurate and promptly deleting it from Plaintiff's consumer report.

### VII. REQUEST FOR RELIEF AND JURY DEMAND

WHEREFORE, Plaintiff demands a trial by jury on all issues so triable and:

a. An preliminary injunction order enjoining Equifax from preparing consumer reports containing information furnished by Toyota concerning Plaintiff during the pendency of this action pursuant to Fed. R. Civ. P. 65;

b. A preliminary injunction order enjoining Equifax from furnishing consumer reports to third parties containing information furnished by Toyota concerning Plaintiff during the pendency of this action pursuant to Fed. R. Civ. P. 65;

c. A preliminary injunction order enjoining TransUnion from furnishing consumer credit information to Equifax concerning Plaintiff during the pendency of this action pursuant to Fed. R. Civ. P. 65;

d. An permanent injunction order enjoining Equifax from preparing consumer reports containing information furnished by Toyota concerning Plaintiff pursuant to Fed. R. Civ. P. 65;

e. A permanent injunction order enjoining Equifax from furnishing consumer reports to third parties containing information furnished by Toyota concerning Plaintiff pursuant to Fed. R. Civ. P. 65;

f. A permanent injunction order enjoining TransUnion from furnishing consumer credit information to Equifax concerning Plaintiff pursuant to Fed. R. Civ. P. 65;

g. An order of attachment against Equifax for $5,000 to secure satisfaction of a potential judgment pursuant to Fed. R. Civ. P. 64;

h. An order of attachment against Toyota for $5,000 to secure satisfaction of a potential judgment pursuant to Fed. R. Civ. P. 64;

i. Entry of judgment against Equifax awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A);

j. Entry of judgment against Equifax awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681o(a)(1).

k. Entry of judgment against Toyota awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A);

l.  Entry of judgment against Toyota awarding Plaintiff actual damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681o(a)(1).

m. Entry of judgment against Equifax awarding Plaintiff statutory damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A);

n. Entry of judgment against Toyota awarding Plaintiff statutory damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(1)(A);

o. Entry of judgment against Equifax awarding Plaintiff punitive damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(2);

p. Entry of judgment against Toyota awarding Plaintiff punitive damages in an amount according to proof at trial pursuant to 15 U.S.C. § 1681n(a)(2);

q. Entry of judgment against Equifax awarding Plaintiff costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

r. Entry of judgment against Equifax awarding Plaintiff costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2);

s. Entry of judgment against Toyota awarding Plaintiff costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3);

t. Entry of judgment against Toyota awarding Plaintiff costs of this action together with reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

u. Such other and further relief as this Court deems just, proper, and equitable.

Respectfully submitted,

Dated: June 30, 2017

s/ Brian L. Ponder
Brian L. Ponder, Esq. (NY: 5102751)
BRIAN PONDER LLP

200 Park Avenue, Suite 1700
New York, New York 10166
Telephone: (646) 450-9461
Facsimile: (646) 607-9238
Email: [brian@brianponder.com](mailto:brian@brianponder.com)
ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that on June 30, 2017, I filed the attached document with the Clerk of Court. Based on the records currently on file in this case, the Clerk of Court will transmit a Notice of Electronic Filing to those registered with the Electronic Case Filing System.

                                              Respectfully submitted,

Dated: June 30, 2017                               s/ Brian L. Ponder
                                                            Brian L. Ponder, Esq. (NY: 5102751)