UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

KILEY MARIE HIGHTOWER,

    Plaintiff,

v.

EQUIFAX INFORMATION SERVICES LLC,

    Defendants.

Civil Action No.: 5:17-cv-00197-D

**DEFENDANT EQUIFAX INFORMATION SERVICES LLC'S
MOTION TO DISMISS AMENDED COMPLAINT**

Defendant, Equifax Information Services, LLC ("Equifax"), improperly identified in Plaintiff's Amended Complaint ("Amended Complaint") as "Equifax," moves to dismiss Plaintiff's Amended Complaint with prejudice under Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim upon which relief may be granted.

**I.    INTRODUCTION**

Plaintiff's Amended Complaint alleges violations under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* ("FCRA"). Plaintiff filed her Initial Complaint on February 23, 2017, which in its entirety listed seven paragraphs, including those enumerating the parties and basis for jurisdiction and venue. Doc. 1. Plaintiff altogether failed to include any factual allegations. Specifically, she failed to include any allegations regarding her basis for claiming that the accounts were inaccurate, how and when Equifax reported the allegedly inaccurate information, that Equifax caused Plaintiff any damages, or the nature of Plaintiff's damages; all of which are elements essential to a proper claim against a

1

consumer reporting agency under either or both §§ 1681e(b) and 1681i of the FCRA. On May 23, 2017, Equifax filed a Motion to Dismiss the Original Complaint. Doc. 7.

On June 30, 2017, Plaintiff filed her Amended Complaint. Doc. 15. Although Plaintiff has added additional paragraphs, they are nothing more than a formulaic recitation of the elements of her causes of action. The Amended Complaint displays a complete dearth of factual matter concerning the alleged inaccuracies in Plaintiff's Equifax credit file, any alleged issues with the reinvestigations and how she was damaged. Thus, as discussed in more detail below, Plaintiff's Amended Complaint fails to state a claim against Equifax upon which relief can be granted for those reasons and the Complaint should be dismissed with prejudice.

**II.     STANDARD OF REVIEW**

A Rule 12(b)(6) motion "tests" the sufficiency of the allegations within the "four corners" of the complaint after taking those allegations as true. *Mobley v. McCormick,* 40 F. 3d 337, 340 (10th Cir. 1994). It is not a requirement that a complaint set forth detailed factual allegations, however, a "…pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action" does not suffice. *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937 (2009)(citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Tenth Circuit has held that if the allegations within a complaint are so general that they "…encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robins v. Okla*., 519 F.3d 1242, 1247 (10th Cir. 2008)(citing *Bel Atl. Corp v. Twombly*, 550 U.S. at 570).

2

To withstand a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). A "plausible claim for relief" is one where the claimant pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (emphasis added.) Such a claim "asks for more than a sheer possibility that a defendant has acted unlawfully," and requires more than the assertion of facts "that are 'merely consistent with' a defendant's liability." *Id*. (quoting *Twombly*, 550 U.S. at 557).

"A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions." *Twombly*, 550 U.S. at 555 (citations omitted). Plaintiff must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A court should therefore identify and reject legal conclusions unsupported by factual allegations because they "are not entitled to the assumption of truth." *Id.* 'Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice' " to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678). "The plaintiff must make at least minimal factual allegations, either direct or inferential, as to every material element of the claim." *Canfield v. Overhead Door Co. Tulsa*, 2006 WL 850951 at *1 (N.D. Okla. March 31, 2006) (*citing Gooley v. Mobile Oil Co.*, 851 F.2d 513, 515 (1st Cir. 1988)).

## III. ARGUMENT

While Plaintiff attempts to assert claims for violations of §§ 1681e(b) and 1681i of the FCRA, she fails to provide any factual allegations; rather, her Amended Complaint consists of a formulaic recitation of the elements of her causes of action and some general allegations concerning her damages. Doc. 15. Plaintiff's counsel, on behalf of himself and others, has filed numerous lawsuits alleging FCRA and other claims against Equifax in the Western District of Oklahoma and other jurisdictions, some of which have already been dismissed under Fed. R. Civ. P. 12(b)(6).[1] Yet the Amended Complaint does not contain any detail to the allegations (except generally as to damages), only labels and conclusions. A reader of Plaintiff's Amended Complaint cannot identify what information was allegedly inaccurate or incomplete, or any facts regarding a Defendant's actions, inactions, policies, or procedures, or even when, where, and how Plaintiff disputed the alleged inaccurate information..

The FCRA is not a strict liability statute and does not require error-free credit reports. *See Hauser v. Equifax, Inc.,* 602 F.2d 811, 814 (8th Cir. 1979). Missing from the Amended Complaint are well-pled *factual* allegations. Plaintiff's generalized allegations and conclusory statements are insufficient to place Equifax on notice as to the factual basis for her claim or what errors are even on her credit report. As a result, the Amended

---

[1] *E.g. Bruner v. Trans Union*, et al., W.D. Okla. No. 5:16-cv-01371-D (filed 12/01/16); *Singleton v. Experian*, et al., SDNY No. 1:16-cv-8835 (filed 11/14/16); *Thomas v. Convergent Outsourcing, Inc., et al.*, No. 1:17-cv-00121-JPO (filed 1/8/2017); *Roberson v. Equifax, et al.*, S.D. Tex. No. 4:16-cv-03319 (filed 11/10/16); *Ponder v. Equifax, et al.*, No. 5:17-cv-00272-R (filed 3/13/2017); *James v. Hunter Warfield, Inc., et al.*, N.D. Fla. No. 4:17-cv-00136 (filed 3/20/2017).

Complaint is nothing more than a bare "the-defendant-unlawfully-harmed-me-accusation" that the Supreme Court has already identified as insufficient. *Iqbal*, 556 U.S. at 678.

### A. Plaintiff Fails to State Facts Sufficient to Support a Claim for Under FCRA § 1681i

To prevail on a negligent or willful reinvestigation claim pursuant to 15 U.S.C. § 1681i, "at minimum, a plaintiff must show that [she] (1) disputed the completeness or accuracy of an item in her consumer file; (2) notified the consumer reporting agency of the dispute; (3) the consumer reporting agency failed to conduct a reasonable investigation within the time period allowed; and (4) the plaintiff suffered actual damages as a result of the inaccurate information in her file." *Shepherd v. Liberty Acquisitions, LLC*, No. 11-cv-00718, 2012 WL 2673101 at *3 (D. Colo. July 5, 2012) (*citing Eller v. Experian Info. Solutions, Inc.*, No. 09–cv–00040, 2011 WL 3365955, at *16 (D. Colo. May 17, 2011); *Ruffin–Thompkins v. Experian Info. Solutions, Inc*., 422 F.3d 603, 608 (7th Cir. 2005)) *see also Wright v. Experian Information Solutions, Inc.*, 805 F.3d 1232, 1242 (10th Cir. 2015); *see also Carvalho v. Equifax Information Services, Inc.*, 588 F. Supp. 2d 1089, 1095-96 (N.D. Cal. 2008*)*. Plaintiff's Amended Complaint does not allege any facts supporting Plaintiff's claim that the accounts at issue are inaccurate, when, where, and how Plaintiff disputed the allegedly inaccurate information, and does not contain allegation concerning how Plaintiff suffered damages as a result of the reporting of the accounts at issue. *See* Doc. 15.

### 1. Plaintiff fails to assert facts showing that the disputed accounts are inaccurate.

Plaintiff's Amended Complaint states that Toyota Financial Services ("Toyota") information is inaccurate; however it fails to state why it is inaccurate (i.e. the account balance, the payment history, the origination date, the date of delinquency, etc.). *See* Doc. 15, ¶ 4. Also unidentified is what Plaintiff believes would be accurate and complete information for that item. *Id*. In short, the Amended Complaint does not contain factual allegations to support the elements of a § 1681i claim. To state a valid claim for relief, the Plaintiff must make more than the "naked assertions" without "further factual enhancement[s]" that are present in the Amended Complaint. *See Iqbal*, 556 U.S. at 678 (*quoting Twombly*, 550 U.S. at 557). Plaintiff fails to do so here. *See* Doc. 15. As such, Plaintiff's Amended Complaint fails to state a § 1681i claim that is plausible on its face, and Plaintiff's Amended Complaint should be dismissed. *Wright v. Experian Information Solutions, Inc.*, 805 F.3d at 1242; *Lewis v. Equifax Info. Servs.*, No. 5:15-cv-01052-R, 2016 WL 4747414 **2-3 (W.D. Okla. Sept. 12, 2016); *see also Ostiguy v. Equifax Info. Servs. LLC*, No. 5:16-cv-790-DAE, 2017 WL 1842947, **3-4 (W.D. Tex. May 4, 2017) (citing *Sepulvado v. CSC Credit Svcs., Inc.*, 158 F. 3d 890, 895 (5th Cir. 1998)).

### 2. Plaintiff fails to assert facts showing that she suffered financial damages as a result of any act or omission of Equifax.

Plaintiff continues to omit any specific factual allegation regarding her alleged financial damages as a result of any act or omission of Equifax, stating only that Defendants' caused Plaintiff "to suffer financial with respect to her credit reputation and score, and (vii) to suffer other personal and financial injuries related to the alleged

conduct." Doc. 15 at ¶ 53. Because of this omission, Plaintiff's Amended Complaint fails to state any factual or legal basis to support that element of her purported claim under § 1681i, and her Amended Complaint as written must fail. *Wright* at 1242; *Shepherd*, 2012 WL 2673101 at **5-6 (citing *Bagby v. Experian Info. Sols.*, 162 F. App'x 600, 604, (7th Cir. 2006)).

  **B.** **Plaintiff Fails to State Facts Sufficient to Support a Claim for Under FCRA § 1681e(b)**

Though Plaintiff's Amended Complaint does not mention Equifax's policies and procedures, in her Amended Complaint, Plaintiff attempts to assert a claim against Equifax for violations of the FCRA § 1681e(b) for Equifax's purported failure to maintain reasonable policies and procedures to assure the maximum possible accuracy of the consumer reports it issues to third parties. *See* Doc. 15, ¶ 56. To prevail on a claim of violation of FCRA § 1681e(b), Plaintiff must allege and prove: (1) the consumer reporting agency failed to follow reasonable procedures to assure the accuracy of its reports; (2) the report in in question was, in fact, inaccurate; (3) the Plaintiff suffered an injury; and (4) the consumer reporting agency's failure caused the Plaintiff's injury." *Cassara v. DAC Servs., Inc.*, 276 F.3d 1210, 1217 (10th Cir. 2002). Plaintiff's Amended Complaint avers no facts to support any of these elements.

  **1.** **Plaintiff's Amended Complaint offers no factual support for Plaintiff's claim that the Fresno Credit Bureau and Toyota Financial Services items are inaccurate.**

While Plaintiff alleges that Equifax issued a consumer report containing the Fresno and Toyota items, she fails completely to explain what was inaccurate about those

two items. Plaintiff's conclusory recitations in ¶ 45 of her Amended Complaint that the Toyota item is inaccurate is exactly the type of threadbare, conclusory, formulaically recited allegations that were expressly disfavored in *Twombly* and *Iqbal*. For the reasons stated in Section III.A.i., *infra*, Plaintiff also fails to properly allege facts supporting her allegation that the Toyota items is inaccurate, her allegations with regard to this element of her purported § 1681e(b) claim must fail, and her Amended Complaint as written must fail.

> **2. Plaintiff's Amended Complaint contains no factual allegation that Equifax issued an inaccurate report for Plaintiff, or that she suffered any injury as a result of such a report.**

Similarly, while Plaintiff states that Equifax issued inaccurate consumer reports for Plaintiff, she fails to provide any facts showing to which third party such a report could have been issued, and says nothing as to the existence of any damages this may have caused her. Doc. 15. Plaintiff must plead and prove, *inter alia*, that her Equifax consumer report was issued to a third party and that her alleged damages flow from such issuance. *Wantz v. Experian Info. Solutions*, 386 F.3d 829, 834 (7th Cir. 2004), *abrogated on other grounds by Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47 (2007) (citation omitted). Here, Plaintiff not only fails to specifically identify what allegedly inaccurate information was included in her Equifax consumer report, but she also fails to plead to what third party the consumer report was allegedly delivered. Plaintiff simply pleads "Defendant within two years has prepared, maintained, and furnished consumer reports under Plaintiff's name containing the […] two inaccurate [Fresno and Toyota] items." Doc. 15. Plaintiff never, however, alleges Equifax issued a consumer report to any third party, or

whether or how she was damaged as a result. In other words, Plaintiff fails to state a § 1681e(b) claim that is plausible on its face. As such, Plaintiff's claim should be dismissed.

## **CONCLUSION**

In the case at bar, even assuming that the allegations are true (even if doubtful in fact), the pleading does not do more than create the suspicion of a legally cognizable right of action. *Twombly,* 550 U.S. at 555. Based upon the generality of the Amended Complaint, the Plaintiff has not nudged her claims across the line from conceivable to plausible. *Robins v. Okla.,* 519 F.3d 1242, 1247 (10th Cir. 2008)(citations omitted). Accordingly, Equifax respectfully requests that this Court grant its motion and dismiss Plaintiff's Amended Complaint in its entirety pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Respectfully submitted this 14th day of July, 2017.

                                      EQUIFAX INFORMATION SERVICES LLC

                                      */s/ Arthur F. Hoge, III*
                                      Arthur F Hoge , III
                                      afhoge@meehoge.com
                                      Mee Mee Hoge & Epperson, PLLP
                                      50 Penn Place, Suite 1400
                                      1900 NW Expressway
                                      Oklahoma City, OK  73118

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing has been served on the parties of record by using the Court's CM/ECF system:

Brian L Ponder
Brian Ponder LLP
200 Park Ave
Suite 1700
New York, NY 10166

Tiffany L Hill
Brian Ponder LLP - OKC
100 Park Ave
Suite 700
Oklahoma City, OK 73102

Gary L Davis , II
Gary Davis Law Group PLLC
1644 S Denver Ave
Tulsa, OK 74119


This 14th day of July, 2017.

                                            */s/ Arthur F. Hoge, III*
                                            Arthur F. Hoge, III